IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARNELL SLAUGHTER, 820164, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-1968-K |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues Respondent has unlawfully extended his sentence.

On March 12, 1998, Petitioner pled guilty to burglary of a habitation and was placed on five years deferred adjudication probation. *State of Texas v. Darnell Slaughter*, No. F-9342057-LK (4th Jud. Crim. Dist. Ct., Dallas County, Tex., March 12, 1998). The state later moved to adjudicate guilt and, on March 13, 1998, Petitioner was sentenced to fifteen years imprisonment. (Resp. Ex. A).

On June 12, 2001, Petitioner was released on parole. (Resp. Ex. C). On May 25, 2005, a warrant was issued for Petitioner alleging a violation of his parole. On November 21, 2006,

Petitioner's parole was revoked.

Petitioner filed a state petition for writ of habeas corpus.  On April 18, 2007, the Court of Criminal Appeals dismissed the petition for noncompliance with the appellate rules.  *Ex parte Slaughter*, No. 67,365-01, at cover.

On November 26, 2007, Petitioner filed this § 2254 petition.  On April 10, 2008, Petitioner filed an amended § 2254 petition.  He argues Respondent has unlawfully extended his fifteen-year sentence to eighteen years.  He states that fifteen years from the date he started serving his sentence is a discharge date of September 21, 2012.  Instead, Respondent states his full discharge date is December 7, 2015.  Respondent states Petitioner was not credited for time he spent while on parole, and that Petitioner's claims are without merit.  Respondent also argues Petitioner has failed to exhaust his state remedies, and that the petition is time-barred.  On July 21, 2008, Petitioner filed a reply.  The Court now finds the petition should be denied.

## II.  Discussion

### 1.  Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**2.     Exhaustion**

Respondent argues Petitioner failed to exhaust his state remedies. The record shows that although Petitioner filed a state habeas petition, the Texas Court of Criminal Appeals dismissed the petition for noncompliance with the appellate rules. *Ex parte Slaughter*, No. 67,365-01, at cover. The Court of Criminal Appeals therefore did not consider Petitioner's claims on the merits. See *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982) (finding that exhaustion requires petitioner submit the factual and legal basis of any claim to the highest available state court for review). Petitioner therefore failed to exhaust his state remedies.

Although the petition may be dismissed for a failure to exhaust state remedies, a federal court may also address § 2254 claims and deny those claims on the merits. *See* 28 U.S.C. § 2254(b)(2). The Court therefore considers the merits of Petitioner's claims.

**3.    Statute of Limitations**

Respondent argues Petitioner's claims are barred by the statute of limitations. Respondent states Petitioner knew or should of know about his claims on the date his parole was revoked. Petitioner, however, states he did not learn of the "extension" of his sentence until he received a new time sheet once he was reincarcerated in TDCJ. Petitioner does not state the date he received this time sheet. As discussed below, the Court determines the petition is without merit. The Court therefore declines to dismiss the petition as barred by limitations.

**4.    Extension of Sentence**

Petitioner argues Respondent has unlawfully extended his sentence. He states his fifteen-year sentence should expire fifteen years from the date he first began serving the sentence. He argues that if Respondent extends his sentence past this fifteen-year period, Respondent must receive a court order authorizing the extension.

In this case, Petitioner did not receive jail time credit for the time he spent on parole. At the time of Petitioner's offense, he was not entitled to receive credit for street time. *See* TEX. CODE CRIM. PROC. Art. 42.18 § 15(a) (West 1993) ("[A] parolee shall be required to serve out the whole term for which he was sentenced, subject to the deduction of time he had served prior to the parole."). For parole revocations occurring on or after September 1, 2001, however, Texas law allows the parolee to retain credit for time spent on parole if they are offense eligible and meet the "mid-point" criteria specified in the statute. *See* § 508.023(c) TEX. GOV. CODE.

Under § 508.023(c), a defendant is not eligible to receive jail time credit for time spent on parole if he is an offender listed under § 508.149(a). Section 508.149(a) sets out a list of specific offenses for which an inmate is ineligible for release on mandatory supervision. The list

includes first degree burglary. Because Defendant was convicted of first degree burglary, he is not entitled to street time under § 508.023(c). (*See* Resp. Ex. B).

Additionally, even if Petitioner was eligible to receive credit for his street time under § 508.23(c), he does not qualify for street time under the terms of the statute. The statute states that if the remaining portion of an inmate's sentence is greater than the time he spent on parole, he cannot receive credit for that street time. § 508.023(c) TEX. GOV. CODE; *Ex parte Keller*, 173 S.W.3d 492, 494 (Tex. Crim. App. 2005). Petitioner was on parole from June 12, 2001, until May 25, 2005, or 1,442 days. The remaining portion of Petitioner's sentence was from May 26, 2005, to September 12, 2012, or 2,667 days. Because Petitioner's remaining sentence was greater than the time he spent on parole, he was not entitled to street time under § 508.23.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 9th day of September, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).